**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EZEKIEL SMITH,
MICHAEL A. FISHER,
RUBEN R. RUIZ,
MICHAEL SMITH,

      Plaintiffs,

v.                                                             No. CV 11-1085 BB/CEG

CORRECTIONAL MEDICAL SERVICES, ET AL.,
WESTERN NM CORRECTIONAL FACILITY,
WARDEN LOPEZ, LT. MELISSA ORTIZ,
C.O. WHITEHORSE, C.O. MOORE,
C.O. CODIE, C.O. GUTTEREZ,
C.O. BRADSHAW, DR. DEMING,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' motions for leave to proceed in forma pauperis ("IFP") and, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, for preliminary consideration of their complaint. Plaintiff Ruiz has been granted leave to proceed in forma pauperis (Doc. 6) ("IFP"), and the other Plaintiffs have moved for leave to proceed IFP. For the reasons below, the Court will dismiss Plaintiff Ezekiel Smith's claims, and the claims of Plaintiffs Fisher and Ruiz will be severed and allowed to proceed in separate actions.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

       The original complaint is signed by four individuals confined at the Western New Mexico Correctional Facility.  The complaint makes conclusory assertions of denial of medical treatment in violation of the Eighth Amendment, with factual support provided in concurrently filed affidavits.  The affidavit of Plaintiff Michael Smith (Doc. 3) complains that medical staff at three separate correctional facilities have denied him treatment for a lump on his head and injuries received during a dental procedure.  Plaintiff Ruiz alleges (Doc. 4) denial of treatment for severe abdominal pain.  Ezekiel Smith (Doc. 4, pp. 4-5) alleges that he suffered severe pain after his medications were changed.  He received prompt treatment and was transferred to a long-term unit at another facility.  Plaintiff Fisher (Doc. 5) alleges that he has been denied special shoes and oxygen treatment necessitated by his diabetic condition.  Neither the complaint nor the affidavits direct factual allegations against any of the named Defendants.  For relief, the complaint seeks damages.

       After filing the complaint, Plaintiffs made numerous subsequent filings.  An unsigned document (Doc. 9) purports to name additional Defendants but contains no allegations.  This document is construed as a motion to amend and will be denied.  A motion to amend (Doc. 12) was then filed by a non-party, Jose Carmona.  This motion is construed as a motion to join as a Plaintiff and, for reasons set out below, will be denied.  An unsigned document entitled Motion To Amend/Correct Complaint/Affidavit By Ezekiel Smith (Doc. 15) is construed as an exhibit filed in

support of Plaintiff Ezekiel Smith's claims. Another unsigned Motion To Amend (Doc. 25), apparently submitted by Plaintiff Michael Smith, alleges that Defendant Deming failed to treat his dental injuries and complains that he has still not received treatment. Plaintiffs Fisher and Ezekiel Smith have filed notices of change of address indicating that they have been transferred to another facility. The Court also takes notice that Plaintiff Michael Smith filed a notice of change of address in his other case, *Smith v. Warden Stewart*, No. CV 12-0403 MV/WDS (Doc. 11), *see Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records), indicating that he is no longer incarcerated.

Plaintiff Ezekiel Smith's allegations do not support a claim under the Eighth Amendment. As noted above, he alleges that he suffered severe pain after his medications were changed. He received prompt medical attention and then was transferred to a long-term unit at another facility. One of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care. *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980). In a § 1983 action for damages or injunctive relief, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." *Id.* at 575 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Deliberate indifference to serious medical needs may be "manifested by . . . denying or delaying access to medical care." *Estelle*, 429 U.S. at 104. Because Plaintiff makes no allegation that treatment was denied, *see Ramos*, 639 F.2d at 566, or even delayed, *cf., e.g., Riper v. Wexford Health Sources Inc.*, 67 F. App'x 501, 504 (10th Cir. May 19, 2003), his complaint fails to state a claim under the Eighth Amendment, *see Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The Court will dismiss Plaintiff Ezekiel Smith's claims.

A number of recent judicial decisions have addressed problems that arise in pro se multiple-plaintiff IFP prisoner actions. These actions can require courts to make varied, often conflicting,

determinations on individual IFP eligibility and liability for payments towards the filing fee. *See, e.g., Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004), *and on remand*, No. 04-C-0015-C, 2005 WL 147400, at *3 (W.D. Wis. Jan. 12, 2005); *Woodruff v. Wyoming*, 49 F. App'x 199, 202 (10th Cir. 2002); 28 U.S.C. § 1915(b). Also, as here, not all of the Plaintiffs are housed at the same facility or make the same substantive allegations. *See Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007). Other troubling issues arise from the signature requirement, *see Pinson*, 2007 WL 428191, at *1, and the prohibition against pro se parties representing co-plaintiffs, *see United States v. Raines*, 362 U.S. 17, 22 (1960); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986).

Here, the disparate allegations in the complaint and subsequent filings, the multiple treating facilities, and the responses to the cure-defect order (Doc. 6) implicate a number of the concerns raised in the cases cited above. Any further pleadings in this action would require circulation of documents to numerous locations simply to obtain all Plaintiffs' signatures. An earlier order (Doc. 6) required each of the Plaintiffs to submit a fully completed IFP motion and a 6-month inmate account statement in support of their requests for leave to proceed pursuant to 28 U.S.C. § 1915. Plaintiffs (and non-party Carmona) have attempted to comply with the order to cure, filing a number of documents in response (Docs. 7, 8, 13, 17, 18, 19).

Resolution of correct filing fee payments under § 1915(b) would require intra- and inter-facility communication among the Plaintiffs and their inmate-account managers. "If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a facially valid and legitimate prison policy." *Osterloth v. Hopwood*, No. CV 06 152 M JCL, 2006 WL 3337505, at *3 n.4 (D. Mont. Nov. 16, 2006).

4

As stated by another court in this Circuit faced with circumstances similar to those presented here, "[T]he court first finds [that pro se prisoner plaintiffs proceeding IFP] may not proceed as joint plaintiffs in this civil action." *Cremer v. Conover*, No. 09-3200-SAC, 2009 WL 3241583, at *1 (D. Kan. Oct 01, 2009). The court in *Cremer* then severed the claims of the co-plaintiff and opened a new case. *See Cremer*, 2009 WL 3241583, at *1; *and see Pinson v. Whetsel*, 2007 WL 428191, at *1 (denying joinder of co-plaintiffs). This Court approves the rulings in *Pinson* and *Cremer*. The Court will deny non-party Carmona's motion to join, and will sever the claims of Plaintiffs Fisher and Ruiz. The Clerk will be directed to open separate new cases for these two Plaintiffs. The Court will then address in each case the individual Plaintiff's payment obligations under § 1915(b) and will conduct initial review of the complaint under §§ 1915(e)(2), 1915A.

The remaining Plaintiff Michael Smith filed a motion for appointment of counsel (Doc. 20). The Court weighs several factors when considering a motion for appointment of counsel in a civil rights case, including " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the complaint and subsequent pleadings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the motion.

IT IS THEREFORE ORDERED that the unsigned document (Doc. 9) entered on the docket as a motion to amend is DENIED; the motion to amend (Doc. 12) filed by non-party Jose Carmona, construed as a motion to join as a Plaintiff, is DENIED without prejudice to his right to file a

complaint; Plaintiff Fisher's motion for leave to proceed in forma pauperis (Doc. 18) is GRANTED; and the unsigned Motion To Amend (Doc. 25) is DENIED without prejudice;

IT IS FURTHER ORDERED that Plaintiff Ezekiel Smith's claims are DISMISSED, his pending motions (Docs. 14, 15, 19, 30) are DENIED as moot, and Plaintiff Ezekiel Smith is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the claims of Plaintiffs Fisher and Ruiz are SEVERED; and pending motions in this case filed by Plaintiffs Fisher and Ruiz (Docs. 24, 29) are DENIED as moot;

IT IS FURTHER ORDERED that the Clerk is directed to open separate new cases for Plaintiffs Fisher and Ruiz, copy this Order and all filings signed by these two Plaintiffs, and file said copied documents in each of the new cases respectively;

IT IS FINALLY ORDERED that Plaintiff Michael Smith's motion for leave to proceed in forma pauperis (Doc. 17) is GRANTED; the Court orders no payments because Plaintiff is no longer incarcerated; and Plaintiff's motion for appointment of counsel (Doc. 20) filed on January 11, 2012, is DENIED.

_____
UNITED STATES DISTRICT JUDGE